IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES FRANKLIN and wife, § | |
| MELISSA FRANKLIN § | |
|     Plaintiffs, § | |
| § | |
| VS. § | Case No. 4:11CV572 |
| § | |
| PNC BANK NATIONAL ASSOCIATION § | |
| d/b/a PNC MORTGAGE and FEDERAL § | |
| HOME LOAN MORTGAGE § | |
| CORPORATION § | |
|     Defendants. § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant PNC Bank, N.A.'s Rule 12(B)(6) Motion to Dismiss First Amended Complaint (Dkt. 15). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about January 7, 2005, Plaintiffs James Franklin and Melissa Franklin executed a promissory Note payable to National City Bank of Indiana and a Deed of Trust to secure the payment of the Note regarding real property located at 11937 Keystone Drive, Frisco, Texas 75034 ("the Property"). The Note was subsequently assigned to Defendant PNC. After facing financial hardship sometime in 2008, Plaintiffs contacted PNC about a loan modification or forbearance. According to Plaintiffs' complaint, they then engaged in loan modification negotiations with Defendant over a period of moths, ultimately were approved for a loan modification in November 2009, and made three payments under the modified agreement. Then, according to Plaintiffs, PNC denied their loan

1

modification in March 2010, Plaintiffs again engaged in loan modification negotiations with PNC, and they were advised on July 1, 2011 that they were eligible for one. On July 5, 2011, the Property was sold at a foreclosure sale to Defendant Freddie Mac.

After the Property was sold, Plaintiffs filed suit in state court in August 2011. On September 6, 2011, the matter was removed to this Court. Since removal, Plaintiffs have amended their complaint to assert the following causes of action against Defendants PNC and Freddie Mac: (1) breach of contract and anticipatory breach of contract; (2) breach of common law tort of unreasonable collection efforts; (3) violation of Texas Consumer Credit Code/Debt Collection Practices Act; (4) negligent misrepresentation/gross negligence; and (5) suit to quiet title and trespass to try title. *See* Dkt. 12. Plaintiffs also seek a declaratory judgment, exemplary damages, (alleging that Defendants acted with malice), and an accounting of all transactions on their mortgage loan. *Id.*

Defendant PNC[1] has filed a motion to dismiss, seeking to dismiss Plaintiffs' claims of breach of contract, breach of good faith and fair dealing and anticipatory breach, Plaintiffs' breach of the common law duty of unreasonable collection claim, and Plaintiffs' quiet title, trespass to try title, and declaratory judgment claims.[2] Plaintiffs have filed a response in opposition.

---

[1] Although it is named in Plaintiffs' complaint, Defendant Freddie Mac has not made an appearance herein.

[2] The Court notes that Defendant's motion does not seek dismissal of Plaintiffs' claims of violation of Texas Consumer Credit Code/Debt Collection Practices Act and negligent misrepresentation/gross negligence and claim for accounting. Therefore, they are not addressed herein and shall remain in the suit.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

ANALYSIS

**Plaintiffs' Breach of Contract Claims**

Plaintiffs' first cause of action is for breach of contract, wherein Plaintiffs base their claim on several theories. Defendant argues that Plaintiffs' breach of contract and anticipatory breach of contract are not viable claims. The Court agrees in part but finds that Plaintiffs have stated a claim as to breach of the mortgage documents.

First, Plaintiffs allege that Defendants breached the Deed of Trust, violating Texas Property Code § 51.002, by not giving Plaintiffs the right to cure and reinstate their Note and selling the Property at a foreclosure sale nonetheless. The Court finds that allegations regarding failures to comply with certain statutory procedural obligations embodied in a Deed of Trust are sufficient to state a breach of contract claim.

As to any breach of contract claims based on the alleged modification agreement, however, the Court finds that Plaintiffs cannot state a claim for those. Any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, in order for Plaintiffs to

4

assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing. Because the alleged loan modification here was oral, it was unenforceable until reduced to writing. The Court finds that Plaintiff has failed to allege breach of any modification agreement.

The Court also finds that Plaintiffs cannot base a breach of contract action on a theory that Defendants breached the Deed of Trust by accelerating and foreclosing on the Property after purportedly waiving its right to do so. The Deed of Trust, attached to Plaintiffs' First Amended Complaint, expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy … shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 12-1 at § 12. The Court finds that, given the express language of the Deed of Trust, Plaintiffs cannot base a breach of contract action on this theory.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004). Plaintiffs have not sufficiently stated these elements and specifically have not stated what obligations Defendants repudiated as to the underlying mortgage documents. Plaintiffs have also not alleged sufficient facts in the claim that Defendants "prevented Plaintiffs from performing the contract." Dkt. 12 at ¶ 22. Therefore, any claims for breach of anticipatory contract should be dismissed.

**Breach of Duty of Good Faith and Fair Dealing**

As part of their breach of contract claim, Plaintiffs also allege that Defendants breached their duty of good faith and fair dealing by accelerating the Note. The Court finds that this claim should be dismissed because there is no duty of good faith and fair dealing in the lender/borrower relationship.

"Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.– San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations omitted). Here, Plaintiffs have not alleged what facts would constitute a "special relationship" with the Defendant, nor have Plaintiffs pointed to any authority to show that there is a duty of good faith and fair dealing in the mortgage context. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010). Therefore, as to this claim, Defendant's motion should be GRANTED and any breach of contract claims based on an implied duty of good faith and fair dealing should be dismissed.

**<u>Unreasonable Collection Efforts</u>**

Next, the Court turns to Plaintiffs' claims of the breach of common law tort of unreasonable collection efforts. As one court has noted, "[u]nreasonable collection efforts is a Texas common-law intentional tort that lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. 2009). Nonetheless, in Texas, pleadings sufficient to support a claim for unreasonable collection efforts must contain facts that amount to "a course of harassment" by the defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See, e.g., Coleman v. Bank of America, N.A.*, 2011 WL 2516169, *2 (N.D. Tex. 2011). The reasonableness of conduct is judged on a case-by-case basis. *B.F. Jackson, Inc. v. CoStar Realty Information, Inc.*, 2009 WL 1812922, *5 (S.D. Tex. 2009) (*citing Woodrum v. Bradley*, 1990 WL 151264, at *4 (Tex. App.-Houston [14th Dist.] 1990, writ denied). Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Here, Plaintiffs allege that Defendants "made several requests for additional information," "began intentionally misleading and delaying Plaintiffs to the point of foreclosure by informing Plaintiffs that their loan modification was in review impeding Plaintiffs' performance of the loan modification agreement, while all along, continuing to assess late charges and penalties, improperly foreclosing on the property, and imposing numerous additional charges upon Plaintiffs' mortgage loan account," and "slandered Plaintiffs' credit reputation, defamed their credit and exposed them to ridicule in the community." Dkt. 12 at ¶26. The Court finds that Plaintiffs have stated facts that would show a course of harassment "resulting in loss of income and mental suffering." *Id.* This is

sufficient to survive a motion to dismiss. Proving that Defendants intended such harm is a matter reserved for summary judgment or trial, but the motion to dismiss the claims at this time should be DENIED.

**Suit to Quiet Title and Trespass to Try Title**

Finally, Defendant moves to dismiss Plaintiffs' suit to quiet title and trespass to try title claim. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Here, Plaintiffs have alleged that they have superior title because the trustee's sale was void because Defendants did not comply with the Texas Property Code. Dkt. 12 at ¶¶ 42-43. The Court finds that Plaintiffs have stated facts that may support their claims for suit to quiet title and trespass to try title. Therefore, the motion to dismiss those claims should be DENIED.

Therefore, Defendant PNC Bank, N.A.'s Rule 12(B)(6) Motion to Dismiss First Amended Complaint (Dkt. 15) should be GRANTED as to Plaintiff's claims of breach of contract based on waiver, anticipatory breach, breach of duty of good faith and fair dealing and breach of oral loan modification and DENIED in all other respects. The remaining claims – as well as those not addressed by the motion – should proceed herein.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of August, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE